AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of New Jersey

| | |
|---|---|
| Steven Spiegel and Alan Spiegel | )<br>) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   1:23-cv-01202-KMW-EAP |
| Goldin Auctions, LLC and Kenneth Goldin | )<br>) |
| _Defendant_ | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:      Andrew Spellman
1B Hunt Dr, Dover MA 02030

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

| Place: See Exhibit A for Place and Date and Time of Compliance | Date and Time: |
|---|---|
| | |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/21/2024

_CLERK OF COURT_

OR

_____          /s/ Travis A. Knobbe
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:23-cv-01202-KMW-EAP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA

Steven Spiegel and Alan Spiegel (the "Spiegels"), by and through its counsel, Freeman Mathis & Gary, LLP ("FMG"), has served this subpoena on Andrew Spellman ("Spellman," "fifthdownsportscards," or "You") pertaining to a pending case styled *Steven Spiegel, et. al. v. Goldin Auctions, LLC, et. al.* The following instructions and definitions apply to the subpoena.

## DEFINITIONS

"GA" shall mean Goldin Auctions, LLC.

"Goldin" shall mean Ken Goldin.

"CardPorn" shall refer to Juan Garcia, inclusive of all social media accounts used by Juan Garcia and/or his associates that carry the name CardPorn and shall include any other social media accounts, e-mail accounts, or phone numbers known to You to be controlled, owned, or used for communications by Juan Garcia.

"Carlin" shall mean Chris Carlin, inclusive of any social media account he owns, manages, or exchanges communications through.

"UD" shall mean The Upper Deck Company, inclusive of its owners, agents, and employees.

"Cheung" shall mean Karvin K. Cheung, inclusive of any social media account he owns, manages, or exchanges communications through.

"Cardcollector291" shall mean any social media account with the handle cardcollector291 and shall include Michael Cramer, inclusive of any social media account he owns, manages, or exchanges communications through.

"Blowout Forums" shall mean the forum hosted by Blowout Cards located at https://blowoutforums.com.

"buybuymj" shall mean the member/handle/user posting at Blowout Forums under the name "buybuymj" and shall include any other social media accounts, e-mail accounts, or phone numbers known to You to be controlled, owned, or used for communications by the same individual posting as "buybuymj" in Blowout Forums.

"Deadshot" shall mean the member/handle/user posting at Blowout Forums under the name "Deadshot" and shall include any other social media accounts, e-mail accounts, or phone numbers known to You to be controlled, owned, or used for communications by the same individual posting as "Deadshot" in Blowout Forums.

"Wax Museum Podcast" shall shall refer to Kyle Yerkes, inclusive of all social media accounts used by Kyle Yerkes and/or "waxmuseumpodcast" and shall include any other social media accounts, e-mail accounts, or phone numbers known by You to be controlled, owned, or used for communications by Kyle Yerkes.

"Shyne" shall shall refer to Matthew T. Allen, inclusive of all social media accounts used by Matthew T. Allen and/or "shyne150" and shall include any other social media accounts, e-mail accounts, or phone numbers known by You to be controlled, owned, or used for communications by Matthew T. Allen.

"Spiegels' Lebron RPA Card" shall refer to a 2003-04 Upper Deck Exquisite Collection Lebron James Rookie Jersey Patch Autograph card with serial number 44/99.

"Other Lebron RPA Cards" shall refer to any 2003-04 Upper Deck Exquisite Collection Lebron James Rookie Jersey Patch Autograph card with a serial number other than 44/99.

## INSTRUCTIONS

FMG has a national presence that allows us to accept documents at a variety of locations across the United States.

To the extent a subpoena recipient is not located within 100 miles of the main offices out of which this subpoena is issued (in this case located at either 3 Executive Campus, Suite 350, Cherry Hill, NJ 08002-4127 or 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339-5948), there is likely a different office to which the recipient can mail documents. In this instance, the subpoena is being served at a location within 100 miles of our Boston office. As a result, while we would prefer documents to be sent either via e-mail to travis.knobbe@fmglaw.com or to Freeman Mathis & Gary, LLP, attn: Travis A. Knobbe, 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339-5948, you may also choose to mail or hand deliver responsive documents to Freeman Mathis & Gary, LLP, attn: Travis A. Knobbe (Atlanta), 60 State Street, Suite 600, Boston, MA 02109-1800.

In short, we aim to make the process of providing documents responsive to subpoenas as convenient as possible. Should you have any questions, please do not hesitate to contact the subpoena's issuer, Travis Knobbe, at (678) 996-9054 or via e-mail at travis.knobbe@fmglaw.com.

The date by which You should respond to this subpoena is April 12, 2024, or 14 days from the date on which You were served with the subpoena, whichever is later.

## DOCUMENTS REQUESTED

The subpoena requires You to produce the following documents:

- All digital images, photocopies, videos, or media you have received or taken of the Spiegels' Lebron RPA Card, inclusive of any screenshots you have captured, received, or otherwise possess concerning the Spiegels' Lebron RPA Card or its listing on any site for public or private sale;

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages, phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and any third party not otherwise covered by the remaining requests concerning the Spiegels' Lebron RPA Card;

- The most recent image you possess of each of any Other Lebron RPA Cards that you currently own;

- For any of the Other Lebron RPA Cards that you have ever previously owned, copies of any documents sufficient to show the date on which you sold any of the Other Lebron RPA Cards, the person(s) to whom you sold any of the Other Lebron RPA Cards, and the amount you received for the Other Lebron RPA Cards;

- For all of the Other Lebron RPA Cards that you currently own, copies of any documents sufficient to show the date on which you purchased any of the Other Lebron RPA Cards, the person(s) from whom you purchased any of the Other Lebron RPA Cards, and the amount you paid for the Other Lebron RPA Cards;

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages, phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and GA or Goldin concerning the Spiegels' Lebron RPA Card;

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages, phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and Cardporn concerning the Spiegels' Lebron RPA Card or the Spiegels;

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages, phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and Carlin concerning the Spiegels' Lebron RPA Card;

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages, phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and UD concerning the Spiegels' Lebron RPA Card;

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages, phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and Cheung concerning the Spiegels' Lebron RPA Card;

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages, phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and Cardcollector291 concerning the Spiegels' Lebron RPA Card;

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages,

phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and buybuymj concerning the Spiegels' Lebron RPA Card;

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages, phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and Deadshot concerning the Spiegels' Lebron RPA Card;

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages, phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and Wax Museum Podcast concerning the Spiegels' Lebron RPA Card or the Spiegels; and

- All communications, including e-mails, text messages, forum private messages, forum comments, forum comment exchanges, social media private messages, WhatsApp messages, phone call logs, WhatsApp call logs, letters, and any other similar correspondence between you and Shyne concerning the Spiegels' Lebron RPA Card or the Spiegels or any Other Lebron RPA Cards.